# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 1:23-cr-126-RP-4 |
| | § | |
| ERIC SWARBRICK | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. Dkt. 3. This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.   Procedural Background

Defendant Eric Swarbrick pled guilty to one count of Interstate Communications with Intent to Threaten, in violation of 18 U.S.C. § 875(c), and one count of Interstate Stalking, in violation of 18 U.S.C. § 2261A(2)(B). On September 24, 2020, the United States District Court for the Middle District of Tennessee entered judgment sentencing Mr. Swarbrick to 30 months imprisonment followed by a three-year term of supervised for each count, both to run concurrently. Supervision commenced on June 30, 2022, and jurisdiction was transferred to this Court in July 2023. On July 28, 2023, the Probation Office filed the Petition for Warrant or Summons for Offender under Supervision ("Petition"). Dkt. 3.

1

In the Petition, the Probation Office alleges that Mr. Swarbrick violated the following conditions of his Supervised Release:

> **Special Condition No. 1:** You shall participate in a mental health program as directed by the United States Probation Office. You shall pay all or part of the cost of mental health treatment if the United States Probation Office determines you have the financial ability to do so or have appropriate insurance coverage to pay for such treatment.

**Nature of Noncompliance:** Mr. Swarbrick failed to attend mental health counseling as scheduled on February 21, 2023, and failed to schedule or attend counseling in March 2023.

> **Standard Condition No. 2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Nature of Noncompliance:** Mr. Swarbrick failed to report as instructed by the probation officer on March 3 and April 10, 2023.

> **Special Condition No. 2:** You must take all mental health medications that may be prescribed by a treating physician.

**Nature of Noncompliance:** On April 12, 2023, during a home visit, Mr. Swarbrick admitted that he had not taken his medication daily, as prescribed, since January 2023. He refilled both medications on April 22, 2023, and had one refill authorized for each. During a call on July 13, 2023, Mr. Swarbrick admitted he was taking his medication sporadically and had not refilled his medications since his last visit with the probation officer. The same day, Mr. Swarbrick was scheduled for a psychiatric intake appointment with the probation provider to complete an evaluation and obtain prescription medications, but failed to attend the appointment as scheduled.

> **Special Condition No. 3:** You must not communicate, or otherwise interact, with Taylor Swift, Scott Borchetta, or any employee of Big Machine Label Group (BMLG), either directly or through someone else, without first obtaining the permission of the probation officer.

**Nature of Noncompliance:** On July 12, 2023, the probation officer received an email from the Threat Management Director for Taylor Swift. The email contained a copy of a letter with a handwritten envelope addressed to Taylor Swift. The letter addresses her directly various times. Mr. Swarbrick states, in part: "I've violated the terms of my probation. I am not allowed to directly or indirectly speak to you, and yet, here I am speaking directly to you," and "I'm here to write a benign letter to you to rekindle my love for you." Mr. Swarbrick ends the letter by providing the probation officer's contact information and stating: "Go ahead and call and email her to let her know I've contacted you again."

Mr. Swarbrick waived his preliminary revocation hearing. Dkt. 15. On August 11, 2023, the parties submitted an Agreed Recommended Disposition in Final Revocation Proceeding ("Agreed Recommended Disposition"). Dkt. 16. The Agreed Recommended Disposition states that Mr. Swarbrick wishes to plead true to the violations alleged in the Petition, and that: "Mr. Swarbrick admits that he stopped taking his prescribed mental health medications for a period and failed to attend a scheduled psychiatric appointment in July. Mr. Swarbrick further admits he mailed a letter to Taylor Swift in violation of his conditions of supervised release." *Id.* at 2. The agreed filing further states: "The parties have conferred in this case and agree that an appropriate resolution of this matter would be to revoke Mr. Swarbrick's term of supervised release, sentence him to time served, and to impose a new term of supervised release of 8 months." *Id.*

On August 14, 2023, pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583, this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to all violations alleged in the Petition.

## II. Findings of the Court

1. Defendant violated the conditions of his supervised release by his conduct as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of the conditions of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Special Conditions Nos. 1, 2 and 3 and Standard Condition No. 2 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## III. Factors Considered

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

   d. the need to protect the public, (a)(2)(C);
   e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
   f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
   g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
   h. the need to provide restitution to any victims of the offense, (a)(7).

Based on the Agreed Recommended Disposition and Mr. Swarbrick's plea of "True" to the violations, the Court finds that Mr. Swarbrick violated conditions of his supervised release by failing to attend mental health counseling, report as instructed by the probation officer, take his medication daily as prescribed, and attend a psychiatric intake appointment, and by mailing a letter to Taylor Swift.

## IV.   Recommendations

The Court has carefully considered all of the arguments of counsel, Defendant's statements, the Petition, Adjustment Summary, and the Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment.

Based on the agreement of the Government and Mr. Swarbrick (Dkt. 16), the Court **RECOMMENDS** that Mr. Swarbrick's supervised release be **REVOKED** and that he be sentenced to **time served, followed by eight (8) months of supervised release**. The Court agrees with the parties that "an additional period of supervised release would be an appropriate way to ensure Mr. Swarbrick continues to engage with appropriate mental health services and care." *Id.* at 2.

The Court further **RECOMMENDS** that the District Court impose the special conditions of supervised release listed below, in addition to all of the mandatory, standard, and special conditions previously imposed by the Court:

- The defendant shall not use or possess alcohol.

- The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

Mr. Swarbrick stated during the final revocation hearing that he has no objection to imposition of these conditions.

## V.   Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

## VI.   Directions to the United States Marshal

The defendant, Eric Swarbrick, is **ORDERED** released after processing pursuant to Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143.

**SIGNED** on August 14, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE